PER CURIAM.
This Court heretofore issued its writ of habeas corpus upon the petition of Robert Radcliff. The respondent, H. G. Cochran, Jr., Director, Division of Corrections, has filed his return and amended return thereto and the cause is before us for determination.
Petitioner was charged with the offense of breaking and entering with intent to commit a misdemeanor by information filed December 9, 1959. He was arraigned and pleaded not guilty to that charge. The trial court accepted a plea of guilty to the crime of accessory after the fact although this was not a separate count in the original information, nor was it charged by separate information. Petitioner was sentenced to the State Prison for a term of five years.
The respondent in his amended return states:
“Respondent respectfully requests that this Court not consider any portions of respondent’s original return wherein by any allegation or denial he may have concluded that petitioner could lawfully enter a plea to the offense of ‘accessory after the fact’ when exclusively charged by information with the offense of ‘breaking and entering with intent to commit a misdemeanor’.
“So much of respondent’s original return as may have suggested that the offense of ‘accessory after the fact’ is a lesser and included offense of the crime of breaking and entering with intent to commit a misdemeanor is withdrawn. Subsequent research has revealed that such is not the case.
“As a necessary consequence it follows that so much of petitioner’s allega-, tions as may have been equated with a claim that his plea of guilty was, *132 because of the aforesaid, illegally accepted by the trial court, are admitted by your respondent in this amended return.
“Wherefore, your respondent respectfully requests the Court that should it find petitioner is illegally restrained and must therefore be released from custody under the present judgment, that petitioner be remanded to the custody of respondent for further disposition of the cause pending against him whether it be as principal to the offense of breaking and entering with intent to commit a misdemeanor or as an accessory after the fact to said offense.”
The petitioner is ordered remanded for further proceedings in accordance with due process of law.
It is so ordered.
THOMAS, C. J., and ROBERTS, DREW, THORNAL and O’CONNELL, JJ-, concur.